IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | Cv. No. 05-02981-JDB-tmp |
| | Cr. No. 02-20222-JDB |
| DAMAIN JOHNSON, | |
| Defendant. | |

ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Defendant Damain Johnson, Bureau of Prisons registration number 18574-076, an inmate at the Federal Correctional Institution Satellite Prison Camp in Millington, Tennessee, has filed a pro se Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence. For the reasons stated below, the motion is DENIED.

**I. BACKGROUND**

On June 19, 2002, a federal grand jury in the Western District of Tennessee returned a four-count indictment charging Defendant with one count of conspiracy to possess and distribute ecstasy, in violation of 21 U.S.C. § 846 (count one), one count of possessing with intent to distribute approximately 28 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1) (count two), one count of possessing with intent to distribute approximately 2,309 tablets of ecstasy, in violation of § 841(a)(1) (count three), and one count

of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (count four). On May 29, 2003, Defendant entered a guilty plea to all counts of the indictment. On October 9, 2003, the Court sentenced Defendant to 120 months' incarceration as to counts one, two, and three, and 160 months as to count four, with all sentences to be served concurrently. The Court also sentenced Defendant to three years of supervised release and imposed a $400.00 special assessment. Judgment was entered on October 15, 2003. Defendant did not appeal.

## II. TIMELINESS OF THE MOTION

The timeliness of Defendant's motion is governed by paragraph 6 of 28 U.S.C. § 2255, which provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Nothing in the record indicates that the running of § 2255's limitations period has been triggered by any event other than the finality of Defendant's conviction. Therefore, to assess the

timeliness of this motion, the Court must determine when Defendant's conviction became final.

"[F]or purposes of collateral attack, a conviction becomes final at the conclusion of direct review." Johnson v. United States, 246 F.3d 655, 657 (6th Cir. 2001)(citations omitted). "[W]hen a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final either on the date that the judgment was entered, or on the date on which the time for filing such appeal expired." United States v. Cottage, 307 F.3d 494, 499 (6th Cir. 2002)(citations omitted). The ten-day appeal period mandated by Fed. R. App. P. 4(b)(1)(A) begins on the date the district court enters its judgment, not the date of sentencing. Id. at n.4. Assuming that the date marking the expiration of the ten-day appeal period is controlling, judgment was entered on October 15, 2003, and, excluding the subsequent weekends, see Fed. R. App. P. 26(a), the time for filing a notice of appeal thus expired on October 29, 2003. The running of § 2255's statute of limitations period commenced on October 30, 2003, and it expired one year later, on October 29, 2004. Defendant's Motion was filed on December 30, 2005. It therefore appears that Defendant's motion is time-barred.

The Supreme Court's recent decision in Day v. McDonough, 126 S.Ct. 1675, 1684 (2006), affirms the authority of the district court to raise the statute of limitations sua sponte, provided that the parties are given notice and an opportunity to be heard before any dismissal on timeliness grounds. See also Reichert v. United States, 101 Fed.Appx. 13, 14 (6th Cir. 2004)("This court has

3

concluded that a district court can dismiss a habeas petition sua sponte on the basis of the statute of limitations, but the court should first provide the petitioner with notice and an opportunity to be heard prior to the dismissal."). In this case, although Defendant's motion appears to be time-barred, the Court will not impose the limitations bar <u>sua sponte</u> because, for the reasons stated below, Defendant's motion lacks merit and is subject to summary dismissal.

### III. CLAIM

In his § 2255 motion, Defendant claims that his sentence violates the Sixth Amendment, as explicated by the Supreme Court in <u>United States v. Booker</u>, 543 U.S. 220, 244 (2005). He further appears to suggest that <u>Booker</u> is applicable to his case "under the logical relationship requirement in <u>Tyler v. Cain</u>[, 533 U.S. 656 (2001)]." Defendant's "Motion Pursuant to 28 U.S.C. § 2255(3)," doc. no. 1 at 6.

### IV. ANALYSIS

Defendant contends that his sentence was "enhanced" on the basis of facts that were not admitted by him or proven to a jury beyond a reasonable doubt but, instead, were found by the Court at sentencing. He asserts, therefore, that his sentence violates the Sixth Amendment as made clear by <u>Booker</u>. The Sixth Amendment holding of <u>Booker</u> is simple: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury

beyond a reasonable doubt." Booker, 543 U.S. at 244. Even assuming, arguendo, that Defendant could demonstrate some Booker error at his sentencing, he is nevertheless entitled to no relief. In Booker, the Supreme Court limited the applicability of its Sixth Amendment holding to all cases then pending on direct review. Id. at 268. As noted above, Defendant's conviction became final on October 29, 2003. Booker was decided on January 12, 2005. Thus, Defendant's case was not on direct review at the time Booker was decided. Moreover, Defendant is incorrect in arguing that Booker is retroactively applicable to his case on collateral review. In Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005), the Sixth Circuit Court of Appeals held that Booker established a new rule of constitutional criminal procedure that was not dictated by existing precedent and, furthermore, does not satisfy the test for retroactivity under Teague v. Lane, 489 U.S. 288 (1989). Thus, Booker is not retroactively applicable to cases on collateral review. See also Lang v. United States, 474 F.3d 348, 353-55 (6th Cir. 2007). Defendant's contention that Booker is applicable to his case is foreclosed by Sixth Circuit precedent. Accordingly, Defendant's allegation of Sixth Amendment error at sentencing is DENIED.

The motion, together with the files and record in this case "conclusively show that Defendant is entitled to no relief." 28 U.S.C. § 2255; see also Rule 4(b), Section 2255 Rules. Therefore, the Court finds that a response is not required from the United States Attorney and that the motion may be resolved without an

evidentiary hearing. United States v. Johnson, 327 U.S. 106, 111 (1946); Baker v. United States, 781 F.2d 85, 92 (6th Cir. 1986). Defendant's conviction and sentence are valid and his motion pursuant to § 2255 is DENIED.

**V. APPELLATE ISSUES**

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Fed. R. App. P. 22(b); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997) (district judges may issue certificates of appealability in habeas cases). No § 2255 movant may appeal without this certificate.

In Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the Supreme Court stated that § 2253 is a codification of the standard announced in Barefoot v. Estelle, 463 U.S. 880, 893 (1983), which requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" Slack, 529 U.S. at 484 (quoting Barefoot, 463 U.S. at 893 & n.4).

The Supreme Court has cautioned against undue limitations on the issuance of certificates of appealability:

> [O]ur opinion in Slack held that a COA does not require a showing that the appeal will succeed. Accordingly, a court of appeals should not decline the application of a COA merely because it believes the applicant will not

> demonstrate an entitlement to relief.  The holding in
> <u>Slack</u> would mean very little if appellate review were
> denied because the prisoner did not convince a judge, or,
> for that matter, three judges, that he or she would
> prevail.  It is consistent with § 2253 that a COA will
> issue in some instances where there is no certainty of
> ultimate relief.  After all, when a COA is sought, the
> whole premise is that the prisoner "'has already failed
> in that endeavor.'"

<u>Miller-El v. Cockrell</u>, 537 U.S. 322, 337 (2003) (quoting <u>Barefoot</u>, 463 U.S. at 893).  Thus,

> [a] prisoner seeking a COA must prove "'something more
> than the absence of frivolity'" or the existence of mere
> "good faith" on his or her part. . . . We do not require
> petitioners to prove, before the issuance of a COA, that
> some jurists would grant the petition for habeas corpus.
> Indeed, a claim can be debatable even though every jurist
> of reason might agree, after the COA has been granted and
> the case has received full consideration, that petitioner
> will not prevail.

<u>Id.</u> at 338 (quoting <u>Barefoot</u>, 463 U.S. at 893); <u>see also</u> <u>id.</u> at 342 (cautioning courts against conflating their analysis of the merits with the decision of whether to issue a COA; "The question is the debatability of the underlying constitutional claim, not the resolution of that debate.").[1]

In this case, Defendant's claim is clearly without merit for the reasons previously stated.  Because he cannot present a question of some substance about which reasonable jurists could differ, the Court DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of

---

[1]  The Supreme Court also emphasized that "[o]ur holding should not be misconstrued as directing that a COA always must issue."  <u>Id.</u> at 337.  Instead, the COA requirement implements a system of "differential treatment of those appeals deserving of attention from those that plainly do not."  <u>Id.</u>

7

orders denying § 2255 motions. <u>Kincade v. Sparkman</u>, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal <u>in forma pauperis</u> in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). <u>Kincade</u>, 117 F.3d at 952.[2] Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal <u>in forma pauperis</u>, the prisoner must file his motion to proceed <u>in forma pauperis</u> in the appellate court. <u>See</u> Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter is not taken in good faith, and leave to appeal <u>in forma pauperis</u> is DENIED. Accordingly, if movant files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed <u>in forma pauperis</u> and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

---

[2] Effective April 9, 2006, the appellate filing fee increased from $255 to $455.

IT IS SO ORDERED this 4th day of May, 2007.

                                          s/ J. DANIEL BREEN
                                          UNITED STATES DISTRICT JUDGE